*For affirmance*— THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ.   12.

*For reversal*—None.

---

MAX NAPODENSKY, RESPONDENT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, APPELLANT.

JACOB SHAPIRO, RESPONDENT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, APPELLANT.

Argued June 30, 1913—Decided November 17, 1913.

Where from plaintiff's case it appeared that while driving a horse and wagon he stopped, looked and listened at a railroad crossing with which he was familiar and saw no train approaching; that the view was obstructed by freight cars on a siding; that an electric bell at the crossing did not ring, and that no bell was rung or whistle sounded to indicate an approaching train, and that the view of the track he thus obtained was the most feasible he could obtain under the circumstances—*Held*, that a nonsuit was properly refused.  *Held, also*, that a contradiction of the testimony presented an issue of fact for the jury, and a motion to direct a verdict was properly refused.

On appeal from the Supreme Court.

For the respondent, *Wescott & Wescott.*

For the appellant, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

MINTURN, J. While driving a horse that he hired from the plaintiff, Jacob Shapiro, which was hitched to. an open wagon, across the tracks of defendant's railroad on Lincoln avenue, in Woodbine, Max Napodensky, the other plaintiff, a man about seventy years of age, was struck by a train; the horse was killed; the wagon destroyed, and the plaintiff was injured for which loss and injury these two suits were instituted against the defendant by the respective plaintiffs and a verdict obtained in each suit.

The track was single, and there was an electric alarm bell at the crossing. Eight or ten feet from the track on the left-hand side as plaintiff crossed were coal sheds, and a railroad siding extending in the direction of the station, upon which stood some of defendant's cars. The testimony of the plaintiff was that he was familiar with the crossing, and that as he approached it he stopped his horse and listened for approaching trains. Hearing no alarm from the crossing bell and no sound to indicate the approach of a train, the plaintiff urged on his horse and met with the accident.

If this situation presented the true state of facts the plaintiff was entitled to recover, since nothing in his concatenation of facts speaks of contributory negligence, or reflects the exercise of due care upon the part of the defendant. The defendant met this situation by testimony in direct contradiction thereof, and contended that from the facts going to make up the plaintiff's case, his negligence was a contributing factor in the case and barred recovery.

It is also urged that he must have seen the train had he looked, since he had an unobstructed view of a thousand feet along the track in the direction in which the train was coming. It is probable that such would have been the case if there had been no obstruction upon the siding, which the plaintiff testified was the fact. This being the situation the question for the jury to settle was whether in the environment thus created, which presented a crossing with the view

obstructed; · a signal bell not ringing; the absence of any signal to indicate an approaching train; the absence of gates and a flagman at the crossing, and a horse upon which the plaintiff was required to devote some attention, the plaintiff was guilty of contributory negligence. *Goodenough* v. *Pennsylvania Railroad,* 26 *Vroom* 596.

Negligence is not an *ex cathedra* pronouncement with which an act may be arbitrarily branded in the abstract as the judicial eye may conceive it. It presents a concrete proposition for a jury to solve, where the facts vary, as narrated by opposing witnesses, and from which different minds may conjecture differently, as they may view the conduct of a man in a difficult or trying situation, harassed and confused in the compass of seconds, with conflicting and contending views for self-preservation and deliverance, from a zone of danger, in which he is charged by law with the natural duty, presumably uppermost in his mind, of observing due care for himself and his property.

Negligence in such circumstances becomes a relative term, incapable of exact determination, except upon consideration not only of the facts, but of all the circumstances, and in view of the entire environment in which the actor is placed. *Kingsley* v. *Delaware, Lackawanna and Western Railroad,* 52 *Vroom* 536.

The true and practical solution of such a situation, and the legal characterization of the acts of a man so jeopardized, must necessarily present a jury question, under proper instructions from the court defining the legal responsibility of the parties concerned. *McCool* v. *West Jersey and Seashore Railroad Co.,* 52 *Vroom* 479.

This rule of substantive law has been the subject of frequent reiteration by this court to the effect that where the plaintiff has rested his case, and the evidence leaves the question of his contributory negligence in doubt, the determination of the question of the negligence of the defendant presents an issue of fact which must be submitted to the jury. *Brewster* v. *New York Central Railroad Co.,* 51 *Vroom* 447;

*Dickinson* v. *Erie Railroad Co.,* 52 *Id.* 464; *Anderson* v. *Public Service Corporation, Id.* 700.

The second contention of the appellant is that the testimony of the plaintiff and his witnesses was of a negative character as to the ringing of the bell and the blowing of the whistle, while that of the defendant is of an affirmative character, and the defendant's testimony therefore should be accepted as positive proof of the facts.

While under our decisions testimony of an affirmative character is clearly entitled to more weight than that of a negative character, it was not for the court to characterize the defendant's version as infallible, and thus eliminate from the case whatever weight the testimony of the plaintiff might have had upon this subject. *Annacker* v. *Chicago, Rock Island and and Pacific Railroad Co.,* 81 *Iowa* 267.

The final contention of the appellant deals with the effect of the testimony as to the ringing of the alarm bell at the crossing. There was conflicting testimony in the case as to whether the bell was out of order, but the fact cannot be gainsaid that the bell was at the crossing and maintained there by the company; and therefore while its ringing might be introduced by the defendant as further proof of warning for the purpose of adding an additional element of contributory negligence, in the conduct of the plaintiff in thus ignoring the signal, it is quite apparent nevertheless that the court did not submit the case to the jury upon the statutory theory of the exemption of the plaintiff from the claim of contributory negligence, by reason of the failure of the defendant to comply with this statutory requirement, and hence this feature of liability was practically eliminated from the case.

In charging the jury the court made no reference to that phase of the case, but submitted the question at issue to the jury entirely from the standpoint of the *status* of the parties under the conflicting testimony, and entirely irrespective of their rights and liabilities under the statute.

Finding no error in the record the two judgments under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 13.

*For reversal*—None.